NAME
Dennis J. Grimes

PRISON NUMBER

V90377

CURRENT ADDRESS OR PLACE OF CONFINEMENT
Tallahatchie County Correctional Facility
415 U.S. Hwy. 49 North
CITY, STATE, ZIP CODE
Tutwiler, MS 38963



FILED

MAY 12 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Dennis J. Grimes

(FULL NAME OF PETITIONER)

                 **PETITIONER**

v.

James E. Tilton
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

                 **RESPONDENT**
       and

The Attorney General of the State of
California, Additional Respondent.

Civil No. **'08 CV 0854 J CAB**
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

## PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack:
   San Diego County Superior Court
   220 W. Broadway  San Diego, CA 92101
2. Date of judgment of conviction:
   July 6, 2005
3. Trial court case number of the judgment of conviction being challenged:

   SCD189996

4. Length of sentence:
   17 years, 4 months

5.  Sentence start date and projected release date:
    August 3, 2005; January 19, 2020

6.  Offense(s) for which you were convicted or pleaded guilty (all counts):
    PC 243    PC 289
    PC 236    PC 136.1
    PC 261

7.  What was your plea? (CHECK ONE)
    (a)  Not guilty ✓    ☑
    (b)  Guilty          ☐
    (c)  Nolo contendere ☐

8.  If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
    (a)  Jury ✓    ☑
    (b)  Judge only ☐

9.  Did you testify at the trial?
    ☑ Yes    ☐ No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    ☑ Yes    ☐ No

11. If you appealed in the **California Court of Appeal**, answer the following:

    (a)  Result: Judgment affirmed

    (b)  Date of result, case number and citation, if known:
         October 24, 2006; Case No. D047240

    (c)  Grounds raised on direct appeal:
    1) Trial Court committed prejudicial error by approving petitioner's request for self-representation.
    2) Finding of guilty on count 3 (PC 261) — Insufficient evidence
    3) California Determinate Sentencing Law violated petitioner's right to a jury trial.
    4) Full consecutive terms imposed on counts 3 and 6 should be reversed
    5) Imposition of full consecutive term on count 4 should be reversed.

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:

    (a)  Result: Denied

    (b)  Date of result, case number and citation, if known:
         January 3, 2007; S148243

    (c)  Grounds raised:

         Same as direct appeal. (See 11(c))

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

    (a) Result: N/A

    (b) Date of result, case number and citation, if known:

               N/A

    (c) Grounds raised:

               N/A

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
    ☑ Yes ☐ No

15. If your answer to #14 was "Yes," give the following information:

    (a) **California Superior Court** Case Number: 1.) HC18258 ; 2.) HC18258 ; 3.) HC18258

    (b) Nature of proceeding: All were petitions of habeas corpus writ

    (c) Grounds raised:
        1.) effective self-representation (HC18258

            2.) ineffective assistante of appellate counsel (HC18258)

            3.) right to a jury trial (HC18258)

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes ☑ No

    (e) Result: N/A

    (f) Date of result: N/A

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
    ☑ Yes ☐ No

17. If your answer to #16 was "Yes," give the following information:

    (a) **California Court of Appeal** Case Number: 1) D048501 ; 2) D051713

    (b) Nature of proceeding: Both were Petitions for Writ of habeas corpus

    (c) Grounds raised:

        1) effectively represent oneself (D048501)

        2) ineffective assistance of counsel (D051713)

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes ☑ No

    (e) Result: Denied

    (f) Date of result: 1) October 24, 2006 ; 2) January 24, 2008

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
    ☐ Yes ☐ No

19. If your answer to #18 was "Yes," give the following information:

    (a) **California Supreme Court** Case Number: 1) S150461  2) S160568

    (b) Nature of proceeding: 1) Petition for writ of habeas corpus

        2) Petition for review

    (c) Grounds raised:

        1) effectively represent oneself (S150461)

        2) ineffective assistance of appellate counsel (S160568

    (d) Did you receive an evidentiary hearing on your petition. application or motion?

        ☐ Yes ☑ No

    (e) Result: Denied

    (f) Date of result: 1) July 18, 2007  2) March 12, 2008

20.  If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

N/A

## COLLATERAL REVIEW IN FEDERAL COURT

21.  Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
   ✓ Yes ☐ No      (IF "YES" SKIP TO #22)
   (a)  If no, in what federal court was the prior action filed?
   (i)  What was the prior case number? _____
   (ii)  Was the prior action (CHECK ONE):
         ☐ Denied on the merits?
         ☐ Dismissed for procedural reasons?
   (iii)  Date of decision: _____
   (b)  Were any of the issues in this current petition also raised in the prior federal petition?
         ☐ Yes ☐ No

   (c)  If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
         ☐ Yes ☐ No

---

CAUTION:

● **Exhaustion of State Court Remedies:**  In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court.  This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

● **Single Petition:**  If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

●**Factual Specificity:**  You must state facts, not conclusions, in support of your grounds.  For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do.  A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

---

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

    (a) **GROUND ONE:** SIXTH AMENDMENT : Improper "Faretta" advisement

**Supporting FACTS** (state *briefly* without citing cases or law)

The trial court granted petitioner's request to waive representation of counsel and serve as his own counsel without advising petitioner of the possible penal penalties he faced if convicted.

On April 28, 2005, petitioner requested the trial court to permit him to serve as his own counsel, in pro. per. The trial court required petitioner to sign a waiver form acknowledging that he recieved advise on the dangers and disadvantages of self-representation, notice of the charges, and the possible penal penalty. Petitioner signed the waiver form and the trial court then granted his request for self-representation. The waiver form misadvised petitioner as to the possible prison sentence he faced. Petitioner's public defender miscalculated the possible prison sentence when filling in the prison sentence on the waiver form which petitioner signed. The trial court judge never advised petitioner as to the correct possible prison sentence he faced if convicted. The trial court judge nor the waiver form advised petitioner as to the penal fines he faced if convicted; At trial sentencing, the court imposed two $10,000.00 restitution fines on petitioner.

Did you raise GROUND ONE in the California Supreme Court?
☑ Yes ☐ No.

(b) **GROUND TWO**: SIXTH AMENDMENT: Violation of right to effectively represent oneself.

**Supporting FACTS** (state *briefly* without citing cases or law):

The trial court issued an order to the San Diego County Jail (S.D.C.J.) prohibitting them from allowing petitioner, who was an incarcerated pro. per. defendant in the S.D.C.J. from making legal phone calls to his court appointed private legal investigator.

On April 24, 2005, the trial court granted petitioner's request to serve as his own counsel, in pro.per; and issued another order that petitioner be provided with a private legal investigator and a legal runner.

On May 27, 2005, upon information from the San Diego County District Attorney Office that petitioner had made telephone contact with the victim in his case, the trial court issued an order to the S.D.C.J. prohibitting them from allowing petitioner to have any phone access until a June 3, 2005 hearing; On June 3, 2005, this court order to the S.D.C.J. was made permanent.

On June 23, 2005, ~~plant~~ petitioner requested the trial court to modify the court order so as to allow petitioner to make legal phone calls with his private legal investigator; but the trial court denied this request. The S.D.C.J. refused to allow petitioner to make legal phone calls prior to and during trial to his court-appointed or court ordered private legal investigator. Petitioner was prohibitted by the S.D.C.J from making legal phone calls; This interfered with petitioner's ability to effectively represent himself during trial, investigate and interview witnesses, summons witnessess, and otherwise prepare a defense for trial and during trial.

Did you raise GROUND TWO in the California Supreme Court?
☑ Yes ☐ No.

(c) GROUND THREE: SIXTH AMENDMENT: Ineffective assistance of appellate counsel

**Supporting FACTS** (state *briefly* without citing cases or law):

Petitioner's court appointed appellate counsel on direct appeal failed to raise the issue on direct appeal of the trial court's order to the San Diego County Jail (S.D.C.J.) prohibitting them from allowing petitioner, who was an incarcerated pro. per. defendant in the S.D.C.J., from making legal phone calls. The trial courts order to the S.D.C.J. denied petitioner the ability to effectively represent him at trial and during trial.

Petitioner requested that his court appointed appellate counsel raise the issue of the trial courts order to the S.D.C.J., but his court appointed appellate counsel refused to raise issue. Therefore, petitioner attempted to have the California Court of Appeals hear the issue by filing a petition for Writ of Habeas Corpus, but the California Court of Appeals decided that the claim was procedurally barred due to it not being raised on direct appeal.

Petitioner's court appointed appellate counsel's failure to raise the issue of the trial courts order to the S.D.C.J. and it's abrogating effect on petitioner's right to effectively represent himself, due process, and access to the court resulted in an unfavorable outcome on direct appeal for petitioner.

**Did you raise GROUND THREE in the California Supreme Court?**

✓ Yes ☐ No.

(d) GROUND FOUR: SIXTH AMENDMENT : Right to a jury trial

**Supporting FACTS** (state *briefly* without citing cases or law):

On August 3, 2005, under the California Determinate Sentence Law, the trial court sentenced petitioner by imposing a consecutive upper term on Count four of the information based on facts which were not presented and found to be true beyond a reasonable doubt by a jury; Nor did petitioner admit to any such facts or aggravations. The trial court relied on the probation officer's presentence report which alleged three factors in aggravation, facts not proven to be true beyond a reasonable doubt by a jury, and sentenced petitioner to a term beyond the prescribed statutory maximum.

Did you raise GROUND FOUR in the California Supreme Court?

✓ Yes ☐ No.

23. Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
　　☐ Yes ✓ No

24. If your answer to #23 is "Yes," give the following information:

　　(a)  Name of Court: _____

　　(b)  Case Number: _____

　　(c)  Date action filed: _____

　　(d)  Nature of proceeding: _____
　　_____

　　(e)  Grounds raised:
　　_____
　　_____
　　_____
　　_____
　　_____

　　(f)  Did you receive an evidentiary hearing on your petition, application or motion?
　　☐ Yes ☐ No

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

　　(a)  At preliminary hearing: Public Defender Larry Ainbinder, address unknown

　　(b)  At arraignment and plea: In pro. per.

　　(c)  At trial: In pro. per.

　　(d)  At sentencing: In pro. per.

　　(e)  On appeal: Susan K. Keiser, 3453 Ingraham St. #85 San Diego, CA 92109

　　(f)  In any post-conviction proceeding: In pro. per.

　　(g)  On appeal from any adverse ruling in a post-conviction proceeding: In pro. per.

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
✔Yes ☐ No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☐ Yes ✔No

    (a) If so, give name and location of court that imposed sentence to be served in the future:

    _____

    (b) Give date and length of the future sentence: _____

    _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    ☐ Yes ☐ No

28. Date you are mailing (or handing to a correctional officer) this Petition to this court:

    _May 6, 2008_____

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

                                              N/A
                                     _____
                                         SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_May 6, 2008_____        _____
      (DATE)                                    SIGNATURE OF PETITIONER