Dennis Grimes
C.D.C.R. No. V90377
T.C.C.F.
415 U.S. Hwy 49 North
Tutwiler, MS 38963
In Pro. Per., Petitioner





UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

Dennis Grimes,
      Petitioner,
v.
James E. Tilton,
      Respondent,
and
The Attorney General of the State of California,
      Additional Respondent.

CASE No. '08 CV 0854 J CAB

PETITIONER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. Sec. 2254 BY A PERSON IN STATE CUSTODY

Petitioner, Dennis Grimes hereby submit this Memorandum of Points and Authorities In Support of Petition For Writ of Habeas Corpus under 28 U.S.C. Section 2254 By A Person In State Custody.

## INTRODUCTION

Petitioner is currently incarcerated at Tallahatchie County Correctional Facility, but in the legal custody of the California Department of Corrections And Rehabilitation.

This case is a Petition For Writ Of Habeas Corpus raising the claims of a Sixth Amendment violation due to an improper "Faretta" advisement, a Sixth Amendment violation due to the state obstructing petitioner from effectively representing himself, a Sixth Amendment violation of ineffective assistance of counsel due to appellate counsel's failure to raise a serious meritorious on direct appeal, and a Sixth Amendment violation of right to a jury trial due to petitioner being sentenced under California Determinate Sentencing Law to a term beyond the prescribed statutory maximum.

## I. GROUND ONE: IMPROPER FARETTA ADVISEMENT

### A. Introduction and Summary of Argument.

Faretta v. California (1975) 422 U.S. 806, approved the right of a a criminal defendant to waive his right to counsel and represent himself. In the quarter of a century following Faretta, courts across the nation have experienced the failings of self-representation rights by the trial courts, that is, the trial courts failure to conduct an adequate inquiry under Faretta and to provide the criminal defendant with the proper advisements under Faretta.

In this case, the trial court's Faretta advisement included a misstatement about the penal consequences petitioner faced. For the reasons discussed posterior, the record fails to establish petitioner's knowing, intelligent waiver of his Sixth Amendment right to counsel. Therefore, the convictions must be reversed.

### B. Standard of Review and Prejudice.

The question of the adequacy of a Faretta warning presents a mixed question of law and fact, and is reviewed on appeal de novo. (United States v. Lopez-Osuna (9th Cir. 2000) 232 F.3d 657.)

The United States Supreme Court held that: "Since the right of self-representation is a right that when exercised usually increases the likelihood

of a trial outcome unfavorable to the defendant, its denial is not amenable to "harmless error" analysis." (McKaskle v. Wiggins (1984) 465 U.S. 168) The Ninth Circuit consistently has held Faretta error is prejudicial per se, and not subject to the "harmless error" standard. (United States v. Erskine (2004) 355 F.3d 1161, 1166-1167.) The Ninth Circuit also consistently has held that the prosecution bears the burden of proving a defendant's waiver of counsel was adequate (United States v. Mohawk (9th Cir. 1994) 20 F.3d 1480, 1484) and scrutinizes the question indulging "every reasonable presumption against waiver." (United States v. Arlt (9th Cir. 1994) 41 F.3d 516, 520.

C. Law Governing Self-Representation in a Criminal Trial

In Faretta v. California the United States Supreme Court held that under the Sixth and Fourteenth Amendments, a criminal defendant who is competent may voluntarily waive his right to counsel and represent himself. (Faretta v. California, supra, 422 U.S. at p. 807) A knowing and intelligent waiver of the right to counsel is required before a criminal defendant is permitted to represent himself or herself. (Faretta v. California, supra)

Longstanding case law in the Ninth Circuit Court of Appeal has required a defendant to be ~~avised~~ advised of the penal consequences of a conviction in order for a Sixth Amendment right to counsel waiver to be valid. A district court should not grant a defendant's request to waive representation of counsel and serve as his own counsel without advising defendant of the possible penal consequences of a conviction. (Lopez v. Thompson (9th Cir. 2000) 202 F.3d 1110, 1117) The Ninth Circuit has consistently stated the defendant must be made aware of the possible penal penalties if convicted in order for a waiver of counsel to be knowing and intelligent. (Lopez v. Thompson, Ibid)

D. Application to the Instant Case

Nowhere in the trial court record does it demonstrate that petitioner was advised of the possible penal penalties if convicted. The superior court's Faretta-waiver form, on its face, affirmatively misadvised petitioner as to the maximum punishment if convicted. On the face of the form, it misadvised petitioner that the maximum punishment which could be imposed if convicted is 27 years and six months. However in actuality, and conceded to by the state on direct appeal, the maximum punishment if convicted on all counts is 28 years and two months. The Faretta-waiver form also failed to advise petitioner of the penal fines if convicted; nor did the court make any such advisement to petitioner. Ultimately, the trial court imposed two $10,000.00 restitution fines at sentencing.

In United States v. Erskine (9th Cir. 2004) 355 F.3d 1161, the defendant was misadvised of the penal penalties he faced during the Faretta waiver hearing. The court in Erskine held that because of the misadvisement of the penal penalty, the Faretta waiver was invalid. During the defendants Faretta waiver hearing, the defendant stated his understanding was the maximum punishment was one year, but it was actually five years. (Ibid at p. 1164-1165) The Court of Appeals held that the misunderstanding rendered the Faretta waiver invalid. The Court in Erskine also rejected the government's argument that the misadvisement was a harmless error since the defendant did not recieve the maximum penalty he was told because Faretta error is not subject to the harmless error rule.

Due to the undisputed fact that petitioner was never told accurately of the possible penal penalties he faced if convicted, in accordance with longstanding Ninth Circuit precedent, the judgment should be reversed.

## II. GROUND TWO: Trial Court Violated Petitioner's Right To Effectively Represent Himself and Due Process

### A. Introduction and Summary of Argument

Faretta v. California (1975) 422 U.S. 806, approved the right of a criminal defendant to waive his right to counsel and represent himself. An incarcerated criminal defendant who chooses to represent himself has a constitutional right to access to law books or other tools to assist him in preparing a defense. (Bribiesca v. Galaza (9th Cir. 2000) 215 F.3d 1015) In order to effectively represent oneself, a defendant must be able to communicate confidentially with his investigator. (U.S. v. Janis (S.D.Cal. 1992) 820 F. Supp. 512, 517) Due process is violated when the state unjustifiably hinder self-representation efforts by denying defendant meaningful access to telephone. (Milton v. Morris (9th Cir. 1985) 767 F.2d 1443)

In this case, the trial court issued an order to the San Diego County Jail prohibiting the jail from allowing petitioner, who was an incarcerated pro. per. criminal defendant at the time, from making ANY phone calls, including telephone calls to his court-assigned private legal investigator. For the reasons discussed posterior, the conviction should be reversed due to the state's interference with petitioner's right to effective self-representation, and the denial of due process.

### B. Standard of Review and Prejudice

When a defendants Sixth Amendment right to represent oneself is violated, a defendant is entitled to reversal regardless of whether defendant can demonstrate prejudice. (Flanagan v. U.S. (1984) 465 U.S. 259, 268)

Denials of right to self-representation are not subject to "harmless error" analysis. (McKaskle v. Wiggins (1984) 465 U.S. 168; Peters v. Gunn (9th Cir. 1994) 33 F.3d 1190)

## C. Laws Governing Incarcerated Pro. Per Defendants Telephone Access

The Sixth Amendment demands that a pro. per criminal defendant who is incarcerated be afforded reasonable access to law books, witnesses, and other tools to prepare a defense. (U.S. v. Sarno (9th Cir. 1995) 73 F.3d 1470) Reasonable access to other tools to prepare a defense includes telephone access. (U.S. v. Sarno, Ibid at p. 1492) However, the right of access is not absolute, but must be balanced against legitimate security needs. (U.S. v. Sarno, Ibid)

Unjustifiable interference in pro. per. defense preparation by the state is unconstitutional. (Taylor v. List (9th Cir. 1989) 880 F.2d 1040) In Milton v. Morris (9th Cir. 1985) 767 F.2d 1443, the court held that due process was violated when the state unjustifiably hindered defendant's self-representation efforts by denying defendant meaningful access to a telephone.

The California Supreme Court has held that a defendant who is representing himself may not be placed in the position of presenting a defense without access to a telephone. (People v. Blair (2005) 36 Cal. 4th 686; People v. Jenkins (2000) 22 Cal. 4th 900)

"In order to effectively represent himself, defendant must be able to communicate confidentially with his investigator." (U.S. v. Janis, (S.D. Cal. 1992) 820 F.Supp. 512, affirmed 46 F.3d 1147

## D. Application To Instant Case

Petitioner was an incarcerated pro. per defendant awaiting trial in the San Diego County Jail (SDCJ). The trial court assigned a legal runner and legal investigator to assist him with his defense preparation due to his pro. per. status. The District Attorney filed a motion with the trial court to revoke petitioner's telephone access while in the SDCJ due to petitioner's telephone contact with the victim in his case. The trial court granted the District Attorney's motion and

issued an order to the SDCJ to prohibit petitioner from making ANY telephone calls.

The trial courts order to the SDCJ was unconstitutional because it prohibited petitioner from having legal telephone calls with his legal investigator. Admittedly, the state does have a legitimate interest in preventing petitioner from contacting the victim, however it has no legitimate interest in preventing petitioner from having telephonic access to his legal investigator. The court in U.S. v. Janis (S.D. Cal. 1992) 820 F. Supp 512 stated: "In order for a defendant to effectively represent himself, he must be able to communicate confidentially with his investigator."

In Valdez v. Rosenbaum (9th Cir. 2002) 302 F.3d 1039, the court held: "pretrial detainee's due process right was not violated though officials restricted detainee's phone access to daily call with attorney because government had a legitimate interest in preventing detainee from helping co-conspirators elude arrest." In the instant case, petitioner was denied legal phone calls with his legal investigator, prior to and during trial.

In Milton v. Morris (9th Cir. 1985) 767 F.2d 1443, the court held that due process was violated when the state unjustifiably hindered defendant's self-representation efforts by denying defendant meaningful access to a telephone. Likewise, petitioner's self-representation efforts were unjustifiably hindered by the state by denying petitioner meaningful access to telephone calls with his legal investigator; It was unjustified because even if it is true that petitioner made telephone calls to the victim, that should have no bearing on his capability to have legal phone calls with his legal investigator. Unjustifiable interference in pro. per defense preparation by the state is unconstitutional. (Taylor v. List (9th Cir. 1989) 880 F.2d 1040)

Courts accross the nation have held that denials of legal telephone calls violate the Sixth and Fourteenth Amendment. The court in <u>Divers v. Department of Corrections (8th Cir. 1990) 921 F.2d 191, 194</u> held "reasonable access to telephones is an important component of a prisoner's right of access to the courts and counsel."; <u>Tucker v. Randall (7th Cir. 1991) 948 F.2d 388</u> states: "Denying a pretrial detainee access to a telephone for four days would violate the constitution in certain circumstances. The Sixth Amendment right to counsel would be implicated if plaintiff was not allowed to talk to his lawyer for the entire four days."; <u>Johnson v. Schoemehl (8th Cir. 1989) 878 F.2d 1043</u>: "We think that in light of existing law, reasonable officials would recognize that phone restrictions, library restrictions, and lack of private communications with attorneys are unconstitutional."; <u>Falcon v. U.S. (S.D. Ill. 1994) 852 F. Supp. 1413</u> held: "Pretrial detainee did not establish that his Sixth Amendment right was violated by conditions existing at federal penitentiary because prison took special measures to provide for his legal phone calls."; <u>Casey v. Lewis (D. Ariz. 1992) 834 F. Supp. 1553</u>: "Reasonable access to telephone is important component of prisoner's right of access to court and counsel."; <u>Mann v. Reynolds (W.D. Okl. 1993) 828 F. Supp. 894</u>: "Access by deathrow inmate to telephones used for confidential attorney calls which were equipped with cord long enough to enable inmate to take reciever back to cell met Sixth and Fourteenth requirement."; <u>Jeffries v. Reed (E.D. Wash. 1986) 631 F. Supp. 1212</u>: "Telephone schedule permitting deathrow inmate incarcerated in intensive unit of prison to place collect calls to his attorney was not so unreasonably restrictive or repressive as to deny inmate adequate access to counsel."

Due to the fact that petitioner was prohibited from making legal phone calls to his court assigned legal investigator, the judgment should be reversed due to the state's obstruction of petitioner's self-representation rights, access to the court, and due process.

## III. GROUND THREE: INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

### A. Introduction and Summary of Argument

The Due Process Clause of the Fourteenth Amendment guarantees a criminal defendant the effective assistance of appellate counsel on his or her first direct appeal. (Evitts v. Lucey (1985) 469 U.S. 387, 391)

When appellate counsel fails to raise a significant and obvious issue on direct appeal, such failure may constitute ineffective assistance of counsel. (Delgado v. Lewis (9th Cir. 2000) 223 F.3d 976)

In this case, petitioner's appellate attorney on direct appeal failed to raise the issue of Ground ~~Three~~ Two of this petition, specifically, the violation of the petitioner's self-representation rights due to the trial court's order precluding petitioner from making legal phone calls with his legal investigator. Due to petitioner's appellate counsel failure to raise this serious issue on direct appeal and the prejudice of an unfavorable result on petitioner's direct appeal, the convictions should be reversed.

### B. Standard of Review and Prejudice

The proper standard for evaluating a claim of ineffective assistance of appellate counsel is that enunciated in Strickland v. Washington, under which petitioner must establish that counsel was objectively unreasonable in failing to raise arguable issues and that due to counsel's unreasonable failure to raise arguable issues, he suffered prejudice. (Smith v. Robbins (2000) 528 U.S. 259)

### C. Law Governing Ineffective Assistance of Appellate Counsel

Appellate counsel has duty to raise all arguable issues on appeal. (People v. Lang (1974) 11 Cal.3d 134) For purposes of direct appeal, an issue is arguable when it has some

potential for success, meaning some possibility of a result requiring reversal or modification of the judgment. (People v. Johnson (1981) 123 Cal. App. 3d 106, 109)

When appellate counsel fails to raise a significant and obvious issue on direct appeal, such failure may constitute ineffective assistance of counsel. (Delgado v. Lewis (9th Cir. 2000) 223 F.3d 976; Clemmons v. Delo (8th Cir. 1997) 124 F.3d 944; Gray v. Greer (7th Cir. 1985) 778 F.2d 350, 352). Even a single error of counsel may constitute ineffective assistance of counsel. (Murray v. Carrier (1986) 477 U.S. 478). "Strickland claim" may be brought based on counsel's failure to raise a particular claim. (Smith v. Robbin, supra)

D. Application to Instant Case

Petitioner's appellate counsel was objectively unreasonable in failing to raise on direct appeal the trial court's denial of petitioner to effectively represent himself during trial due to the court order precluding petitioner from making legal phone calls to his legal investigator. Petitioner will forgo a lengthy argument demonstrating the unconstitutionality of the trial court's order, as it is discussed in GROUND TWO of this petition.

Because "the Sixth Amendment requires that the state may not conduct trials at which persons who face incarceration must defend themselves without legal assistance (Cuyler v. Sullivan (1980) 446 U.S. 355), the trial court's order concerning petitioner's phone access violated petitioner's right to effectively represent himself. Petition was an incarcerated pro. per. defendant who was precluded from making legal phone calls to his court assigned legal investigator.

In Procunier v. Martinez (1974) 416 U.S. 396, the U.S. Supreme Court held that practices which restrict access to prisoners to professional representatives and licenced private investigators constituted an unjustifiable restriction on access to the courts.

(P. 10 of 13)

The trial court's order precluding petitioner from making legal phone calls to his private investigator was an issue which petitioner's appellate counsel should have obviously raised. The argument could have been raised that the trial courts order violated: (1.) petitioner's right to effectively represent himself, (2.) petitioner's right of access to the court, and (3.) petitioner's due process right. In an effort to not be redundant, petitioner refers the court to GROUND TWO of this Memorandum of Points and Authorities for a complete argument on the unconstitutionality of the trial court's order. Suffice to say, appellate counsel was objectively unreasonable in failing to raise the issue of the violation of petitioner's right to effectively represent himself due to the trial court's order concerning petitioner's telephone access.

In addition to demonstrating "objective unreasonableness" on the appellate counsel part, petitioner must also demonstrate "prejudice" from counsel's deficient performance. To satisfy "prejudice" prong of two-pronged Strickland test for ineffective assistance of counsel, it is enough for defendant to show that counsel's errors had a conceivable effect upon the outcome of a proceeding. (Hayes v. Woodford (9th Cir. 2002) 301 F.3d 1054)

Given the plethora of authority governing the rights of an incarcerated pro. per. defendant, appellate counsel's failure in raising said issue on direct appeal deprived petitioner of a more favorable outcome. And since violations of self-representation rights are not subject to a "harmless error" analysis (Flanagan v. U.S. (1984) 465 U.S. 259, 268), petitioner's appellate counsel would not have had to show "prejudice" on direct appeal. Petitioner's appellate counsel failure to raise said issue on direct appeal resulted in an adverse decision for petitioner and accordingly, the convictions should be reversed.

## IV GROUND FOUR: RIGHT TO JURY TRIAL

### A. Introduction and Summary of Argument

Petitioner was sentenced on August 3, 2005 under California Determinate Sentence Law whereby the trial court sentenced petitioner by imposing a consecutive upper term on Count Four of the Information based on facts which were not presented and found to be true by a jury.

Due to the fact that the U.S. Supreme Court has held that the sentencing scheme which petitioner was sentenced under to be in violation of the right to trial by jury, the reversal of petitioner's sentence is required.

### B. Standard of Review

Cunningham v. California (2007) 549 U.S. ___ held: "California Determinate Sentencing Law, by placing sentence elevating factfinding within the judge's province, violates a defendant's right to trial by jury safeguarded by the Sixth and Fourteenth Amendment.

### C. Application to Instant Case

The trial court imposed a consecutive, upper term sentence on count four; When doing so, it said aggravation outweighed mitigation. It is not clear from the record what aggravation the court found outweighed mitigation as to count four; The court selected the upper term on count four and ordered it consecutive. The jury did not find any of the aggravating factors alleged, either by the probation officer or the prosecutor, to be true, and petitioner did not admit to any aggravation. Reversal of appellant's sentence is required.

## CONCLUSION

In Ground One, petitioner has demonstrated that the trial court did not advise, or rather, <u>mis</u>advised him as to the maximum penal penalty he faced if convicted, thereby rendering his Sixth Amendment right to counsel waiver invalid.

In Ground Two, petitioner has demonstrated that, notwithstanding GROUND ONE, the trial court violated petitioner's right to effectively represent himself, access to the court, and due process. The denial of legal telephone calls by the court between petitioner and his legal investigator prior to and during trial was unconstitutional, and the showing of prejudice is not necessary.

In Ground Three, petitioner has demonstrated that his appellate counsel was objectively unreasonable in failing to raise the issue in GROUND TWO on direct appeal and that this objective unreasonableness on the part of appellate counsel resulted in an adverse outcome on direct appeal.

In Ground Four, petitioner has demonstrated that the trial court violated petitioner's right to a trial by jury by imposing the upper term on count four based on facts not presented and found to be true by a jury.

Based on the foregoing, this court should reverse the convictions.

Dated: May 6, 2008

Respectfully,

*Dennis Grimes*
Dennis Grimes, Petitioner

# PROOF OF SERVICE

## Declaration Of Service By Mail

I, _Dennis Grimes_, declare that I am over the age of eighteen (18) and that I am a party to this action. On _May 6_, 2008, I deposited a copy of the following document(s):

1.) PETITION FOR WRIT OF HABEAS CORPUS

2.) PETITIONER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS

**In a sealed envelope with postage prepaid into the United States mail outlet via authorized Tallahatchie County Correctional employee at Tallahatchie County Correctional Institution 415 U.S. Highway 49 North, Tutwiler, Mississippi 38963, and addressed as follows:**

Office of the Attorney General

110 West "A" Street, Suite 1100

San Diego, CA 92101

I declare under penalty of perjury pursuant to 28 U.S.C. §1746, and State Laws, that the foregoing is true and correct and that this declaration was executed at Tallahatchie County Correctional Facility, 415 U.S. Highway 49 North, Tutwiler, Mississippi 38963

DATED: May 6, 2008           Signature: _Dennis Grimes_

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Dennis Grimes

2254   1983
FILING FEE PAID
Yes ☐   No ☑
IFP MOTION FILED
Yes ☑
COPIES SENT TO
Court ☑   Prop ☐

**DEFENDANTS**

James Tilton

FILED
MAY 1 2 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Dennis Grimes
415 US Hwy 49 North
Tutwiler, MS 38963
V-90377

**ATTORNEYS (IF KNOWN)**

'08 CV 0854 J CAB

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

28 U.S.C. 2254

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 650 Airline Regs | SOCIAL SECURITY | |
| | | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395R) | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities Exchange |
| | | | LABOR | ☐ 863 DIWC/DIWW (405(g)) | |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | FEDERAL TAX SUITS | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectmant | ☐ 443 Housing/Accommodations | ☑ 530 General | Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☑ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appelate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $ _____   Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE _____ Docket Number _____

DATE 5/12/2008

SIGNATURE OF ATTORNEY OF RECORD
R. Miller

CR